FILED
APR 17 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JACK MANN,
    Plaintiff,

v.

HEATHER BALES, et al.,
    Defendants.

No. 1:16-cv-09623
Hon. Sharon Johnson Coleman

## RULE 12(h) WAIVER OF DEFENSE MOTION FOR DEFAULT: OR IN THE ALTERNATIVE MOTION FOR JUDGMENT ON THE MERITS

NOW COMES, Plaintiff Jack Mann, pro-se, (hereinafter 'Mann') with the above named Motion and, in support thereof, states as follows:

1. Mann has never received a SECOND MOTION TO DISMISS from the Bales defendants and, as a result, believes that the timing of the Bales defendants to file any such motion has passed.

2. This Honorable Court provided deadlines for the Bales defendants' as they did for the other co-defendants' in this case at bar. The Mann co-defendants', while represented by insurance company attorneys', did comply with the timing provided by the Judge.

3. This failure to comply with the Judge's order, failure to submit any documentation that explains what they (the Bales defendants') chose not to submit a SECOND MOTION TO DISMISS should also be a valid reason to provide DEFAULT or JUDGMENT ON THE MERITS in favor of Mann.

4. Rule 12(h) states:

> (h) **Waiving and Preserving Certain Defenses.**
> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>     (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>     (B) failing to either:
>     (i) make it by motion under this rule; or
>     (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

As a result of the failures by the Bales defendants', they have waived certain defenses. The Bales defendants' have waived their right or ability to state that any and all of Mann's assertions thus far are not true. By waiving these, the

1

Bales co-defendants' now surrender their right to file a MOTION TO DISMISS within the Northern District of Illinois.

5. In order for Mann to survive a 'motion to dismiss' for 'failure to state a claim' the following must occur:

> To survive motion to dismiss for failure to state claim, plaintiff must allege sufficient facts to state "plausible' claim. Until 2007, a plaintiff could withstand a motion to dismiss for failure to state a claim only if the movant showed "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." This high standard for granting motions to dismiss for failure to state a valid claim for relief shaped the practice of Rule 12(b)(6) motions until the Supreme Court set an entirely new standard in 2007 in the landmark case of Bell Atlantic Corp. v. Twombly. In Twombly, the court ruled that to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." In subsequent rulings, the Court made it clear that, in sharp contrast to past practice, the new "plausibility" requirement means that a plaintiff must plead a comprehensible legal theory and must allege facts, not conclusions, establishing every essential element of the legal theory on which the claim for relief is based. On a motion to dismiss, a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor. Conclusory allegations or legal conclusions, however, are not entitled to the assumption of truth. Rather, a court considering a motion to dismiss can disregard these conclusory allegations and judge the complaint on the well-pleaded factual allegations.

See:

6. When dealing with the co-defendants, who only wish to ride the coat tails of the insurance carriers paid attorneys', this Honorable Court should find that the Bales co-defendants' are acting improperly, have failed to file the necessary documents in the mandated amount of time and, are currently within a position for default.

7. Mann has not received a copy of their Motion To Dismiss as requested by the Bales co-defendants' counsel in a conference when Mann was on the phone. The Mann co-defendants' have complied with this Honorable Court's ORDER to file their SECOND MOTION TO DISMISS (which is being crushed by Mann) and, the Mann co-defendants' counsel has specifically disclaimed any representative for the Bales defendants' and has not included the Bales defendants' in its SECOND MOTION TO DISMISS.

WHEREFORE, Plaintiff Mann prays that this Honorable Court will provide the following relief:

A. ORDER that the Bales co-defendants' be held in default and waived their defenses pursuant to Fed.R.Civ.P. Rule 12(h); and

B. ORDER that Mann be granted a judgment against the Bales co-defendants' on the merits; and

C. GRANT Mann any such other and further relief as this Honorable Court deems just and proper.

Date: 4/12/17

Jack Mann, 22865-424
FCI Ashland/PO BOX 6001
Ashland, KY 41105

## CERTIFICATE OF SERVICE

I, Jack Mann, hereby certify under penalty of perjury that on the date below this Motion was submitted to the following addresses in compliance with the Mailbox Rule:

U.S. Court
219 S. Dearborn
Chicago, IL 60604

Andrew J. Gallogly
MARGOLIS EDELSTEIN
The Curtis Center, Ste. 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337

⇔22865-424⇔
Bethany N Schols
Suite 200
2610 LAKE COOK RD
Hardt Stern & Kayne, P C
Riverwoods, IL 60015
United States

David A. Johnson
Smith Amundsen LLC
150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601

Date: 4/12/17

Jack Mann, pro-se

3

JACK MANN 22865-424
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 6001
ASHLAND, KY    41105



CHARLESTON WV 250

14 APR 2017 PM 2 L

⇔22865-424⇔
U S D C Seventh Cir
Prisoner Correspondence
219 S Dearborn ST
Clerk of Courts
Chicago, IL 60604
United States





04/17/2017-79

60604-170299