UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK MANN,<br>   Plaintiff,<br><br> v.<br><br>HEATHER BALES, JAMES BALES,<br>GEORGE F. MANN III, JULIA A. MANN,<br>JUDSON H. MANN, MANN INSURANCE<br>AGENCY, INC., G.F. MANN AGENCY,<br>LTD., GLOBAL RISK SERVICES, LTD.,<br>MAINTENANCE VALUE PLAN, LLC.,<br><br>   Defendants. | Case No. 16-cv-9623<br><br>Judge Sharon Johnson Coleman |

## ORDER

Pro se plaintiff Jack Mann ("Mann") brought this suit alleging a single violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, against defendants Heather Bales and James Bales (collectively, "Bales Defendants"); and George F. Mann III, Julia A. Mann, Judson H. Mann, Mann Insurance Agency, Inc., G.F. Mann Agency, LTD., Global Risk Services, LTD., and Maintenance Value Plan, LLC. (collectively, "Mann Defendants"). The Bales Defendants and Mann Defendants now move to dismiss Mann's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Both motions are granted.

## STATEMENT

Mann jointly owned and operated Mann Insurance Agency ("MIA") with his then wife, Heather Bales. During the co-ownership, a Book of Business ("BOB") was created for MIA, containing contact information and proprietary sales information for clients from multiple jurisdictions. In 2010, Mann was incarcerated for an unrelated matter. Heather Bales initiated divorce proceedings shortly thereafter. Mann and Heather Bales signed a marital settlement agreement ("Settlement Agreement") on August 30, 2010, which awarded Heather sole ownership of MIA, including all of its assets. The Settlement Agreement also stated that Mann waived,

1

released, and relinquished any rights, title, and interest in the future of MIA. The Settlement Agreement was later incorporated into the dissolution judgment order ("Dissolution Judgment") dated September 22, 2010. The Dissolution Judgment also barred Mann and Heather Bales from ever asserting any right, claim, demand or interest in the personal property, marital property, or business property of their former spouse. Neither the settlement agreement nor the dissolution judgment specifically noted the BOB belonged to Mann or was included as an MIA asset.

In or around April 2014, the Bales Defendants sold MIA and its assets to the Mann Defendants. The BOB was included in this sale. In December 2017, Mann filed the Second Amended Complaint in this Court alleging that the Defendants violated the Defend Trade Secrets Act of 2016 by misappropriation in 2007. That same month, Heather Bales sought a declaratory judgment to clarify ownership of the BOB. The Will County Circuit Court issued an order on February 1, 2018 ("Clarification Order"), explaining that the BOB is an asset of MIA and that Mann had relinquished all claims to that asset. All defendants now move to dismiss Mann's Second Amended Complaint for lack of jurisdiction and for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case when it lacks subject-matter jurisdiction. Under 12(b)(1), the Court must accept all well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 590 (7th Cir. 2014). The party alleging jurisdiction bears the burden of proving that the jurisdictional requirements are satisfied. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

In order to bring suit under DTSA, the plaintiff must be the owner of a trade secret that has been misappropriated, meaning the person has a "rightful legal or equitable title" to the trade secret. 18 USCS § 1836(b)(1); 18 U.S.C. §1839(4). A misappropriation occurs when a trade secret of another is acquired by a person through improper means, such as theft, bribery, misrepresentation,

breach of duty to maintain secrecy, or espionage. 18 U.S.C. §1839(5)(A) and (6)(A). Here, Mann contends that the BOB was the misappropriated trade secret; however, the Settlement Agreement and the Clarification Order establish that Heather Bales was awarded exclusive ownership of MIA and all its assets, including the BOB. Mann explicitly relinquished any right to the BOB, so he cannot now raise a claim. As the DTSA claim is the sole basis for being before this Court, this case must be dismissed for a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(6) tests the viability of a complaint by examining whether it properly states a claim upon which relief may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2012). Here, ownership of the BOB is critical to the success of a DTSA claim. The record reflects that the Bales or Mann Defendants obtained the alleged trade secrets lawfully, not by nefarious means as is required to find liability under the statute. Material elements of Mann's claim are factually impossible to prove. Accordingly, the DTSA claim must be dismissed. *See generally Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (recognizing that dismissal is proper where no set of facts would entitle the plaintiff to relief).

Additionally, in order to have a sufficient claim under DTSA, the offending conduct must have occurred when the statute was enacted on May 11, 2016. *Opus Fund Servs. United States (USA) LLC v. Theorem Fund Servs., LLC,* No. 17 C 923, 2017 U.S. Dist. LEXIS 160649, 15 - 16 (N.D. Ill. Sep. 29, 2017) (Coleman, J.). Mann's Second Amended Complaint indicates, and he later concedes in his Response, that the alleged misappropriation all occurred prior to the enactment of DTSA, between 2007 and 2014. Since Defendants were lawful owners of BOB during the period of the alleged wrongdoing, Mann cannot allege that their actions after May 2016 can create liability.

For the foregoing reasons, both Defendants' motions to dismiss pursuant to 12(b)(1) and 12(b)(6) are granted and Mann's complaint is dismissed with prejudice.

IT IS SO ORDERED.

ENTERED:  SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 7/23/2018